

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-91,593-01 & 91,593-02

## EX PARTE BRIAN WAYNE SANDERSON, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 074277-01-D-WR & 074278-01-D-WR IN THE 320TH DISTRICT COURT FROM POTTER COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of possession of a controlled substance with the intent to deliver and unlawful possession of a firearm by a felon. He was sentenced to forty years' imprisonment on each count. The Seventh Court of Appeals reformed the judgments to reflect that court costs were waived but otherwise affirmed the judgments. *Sanderson v. State*, Nos. 07-18-00211-CR & 07-18-00212-CR (Tex. App.—Amarillo July 30, 2019) (not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel, John D. Talley, failed to communicate to the State that Applicant would accept the plea offers set out in a February 13, 2017

letter. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order Talley to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether the State made the plea offers found in Applicant's Exhibit A; if so, Talley timely conveyed the offers to Applicant; Applicant told Talley that he would accept the offers before they expired; and Talley timely communicated Applicant's acceptance to the State. The trial court shall also determine whether Applicant has established that the State would not have withdrawn the offers and the trial court would have accept the plea agreements. *See Missouri v. Frye*, 566 U.S. 134, 147 (2012); *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013). The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.


Filed:  September 23, 2020
Do not publish